IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 22-347 |
| | : | |
| DARQUIS DAVIS | : | |
| a/k/a "Justice" | : | FILED UNDER SEAL |

**GOVERNMENT'S MOTION FOR JUDGMENT AND
PRELIMINARY ORDER OF FORFEITURE**

The United States of America, by and through its attorneys, Jacqueline C. Romero, United States Attorney for the Eastern District of Pennsylvania, Sarah L. Grieb, Assistant United States Attorney, Chief, Asset Recovery and Financial Litigation Unit, J. Jeanette Kang, Assistant United States Attorney, and Alexander B. Bowerman, Special Assistant United States Attorney, respectfully requests entry of a Judgment and Preliminary Order of Forfeiture, and, in support of this motion, the United States represents as follows:

1. On October 3, 2021, Darquis Davis was charged in an Information with conspiracy to deal firearms without a license, in violation of 18 U.S.C. § 371 (Count One).

2. The Information also contained a Notice of Forfeiture. The Notice of Forfeiture alleged that the defendant shall forfeit certain property, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), as a result of her violation of 18 U.S.C. § 371 (Count One).

3. The defendant entered into a Guilty Plea Agreement whereby she agreed, inter alia, to plead guilty to Count One of the Information. The defendant further agreed not to contest forfeiture as set forth in the Notice of Forfeiture.

4.      The defendant has also agreed, pursuant to Fed. R. Crim. P. 32.2(b)(4), that this Preliminary Order of Forfeiture shall become final as to the defendant prior to her sentencing.

5.      On November 8, 2022, the defendant pleaded guilty at her plea hearing to Count One of the Information.

6.      As a result of her guilty plea, the defendant is required, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), to forfeit criminally the firearms and ammunition involved in or used in the violation charged in Count One of the Information.

7.       Based on the facts set forth at the defendant's plea hearing, those set forth in the Guilty Plea Agreement, and those set forth in the record as a whole, the government avers that the following specific property[1] is subject to forfeiture as a result of the defendant's guilty plea to the illegal act alleged in Count One of the Information, and that the government has established the requisite nexus between such property and such offense:

    a.      **One (1) Ruger, Model Security 9, 9mm semi-automatic pistol, bearing serial number 383-61872,**

as a firearm involved in or used in the violation of the aforesaid offense alleged in Count One (hereinafter referred to as the "Subject Property").

8.      Pursuant to Fed. R. Crim. P. 32.2(b)(1)(A), "[a]s soon as practical after a verdict or finding of guilty, or after a plea of guilty or nolo contender is accepted … the court must determine what property is subject to forfeiture under the applicable statute." Fed. R. Crim. P. 32.2(b)(1)(A). When the government seeks forfeiture of specific property, "the court must

---

[1] The government seeks to forfeit an additional fifty-six (56) firearms which are listed in the Notice of Forfeiture of the Indictment. As of now, the remaining fifty-six (56) firearms are not in law enforcement custody. The government intends to amend this Preliminary Order of Forfeiture as the remaining firearms are taken into custody.

determine whether the government has established the requisite nexus between the property and the offense;" when the government seeks a forfeiture money judgement, "the court must determine the amount of the money that the defendant will be ordered to pay". Id. The Court's determination may be based on "evidence already in the record … and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable."  Fed. R. Crim. P. 32.2(b)(1)(B). "Unless doing so is impractical, the court must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant under Rule 32.2(b)(4)." Fed. R. Crim. P. 32.2(b)(2)(B). The preliminary order of forfeiture becomes final as to the defendant at sentencing, or earlier if the defendant consents. Fed. R. Crim. P. 32.2(b)(4)(A).

9.  Pursuant to Rule 32.2(b)(2)(B), for the reasons stated above, the government requests that this Court enter the attached Judgment and Preliminary Order of Forfeiture. The government further requests that it be permitted, in its discretion, to serve the Judgment and Preliminary Order of Forfeiture directly on the defendant, or if the defendant is represented, upon the defendant's counsel, and on any person known to have an interest in the Subject Property.

10.  The government requests authority to conduct discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and 21 U.S.C. § 853(m), to identify, locate, and dispose of property subject to forfeiture and to address any third-party claims.

11.  The government requests authority to seize the Subject Property described above, if not already in the government's custody or subject to a restraining order, if necessary to protect the interests of the United States in the property, pursuant to 21 U.S.C. § 853(g).

12. The government requests authority to undertake publication of the forfeiture order, once the government seizes the specific property identified in Paragraph 7 above, and notify potential third-party claimants, pursuant to Fed. R. Crim. P. 32.2(b)(3), (b)(6) and (c)(1)(B) and 21 U.S.C. § 853(n)(1).

For the reasons stated above, the government requests that this Court enter the attached Order.

Respectfully submitted,

JACQUELINE C. ROMERO
United States Attorney

*/s/ Sarah L. Grieb*
SARAH L. GRIEB
Assistant United States Attorney
Chief, Asset Recovery and Financial Litigation

*/s/ Alexander B. Bowerman*
ALEXANDER B. BOWERMAN
Special Assistant United States Attorney
J. JEANETTE KANG
Assistant United States Attorney

Date:   May 24, 2023

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 22-347 |
| | : | |
| DARQUIS DAVIS | : | |
| a/k/a "Justice" | : | FILED UNDER SEAL |

### ORDER OF FORFEITURE

IT IS HEREBY ORDERED THAT:

1. As a result of defendant Darquis Davis's guilty plea as to Count One of the Information, charging her with conspiracy to dealing firearms without a license, in violation of 18 U.S.C. § 371 (Count One), the defendant is required to forfeit criminally any firearms and ammunition involved in or used in such violation, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. 2461(c).

2. All firearms and ammunition involved in or used in the defendant's violations of 18 U.S.C. § 371 are forfeited to the United States.

3. The Court has determined, based on the facts set forth at the plea hearing, those set forth in the Guilty Plea Agreement, and those set forth in the record as a whole, that the following specific property is subject to forfeiture as a result of the defendant's guilty plea to the illegal act alleged in Count One of the Information, that the government has established the requisite nexus between such property and such offense, and that the following property is forfeited to the United States:

   a. **One (1) Ruger, Model Security 9, 9mm semi-automatic pistol, bearing serial number 383-61872,**

as a firearm involved in or used in the violation of the aforesaid offense alleged in Count One (hereinafter referred to as the "Subject Property").

        4.        Pursuant to Fed. R. Crim. P. 32.2(b)(4), the Preliminary Order of Forfeiture may be made final as to the defendant, prior to her sentencing and shall be made part of the sentence and included in the judgment. See *United States v. Bennett*, 423 F.3d. 271 (3d Cir. 2005) (to be effective, a forfeiture order must be included in sentence and judgment).

        5.        Upon entry of this Order, the Attorney General or a designee is authorized to seize any specific property subject to forfeiture that is identified in this Order, pursuant to Fed. R. Crim. P. 32.2(b)(3).

        6.        Upon entry of this Order, the Attorney General or a designee, pursuant to Fed. R. Crim. P. 32.2(b)(3) and 21 U.S.C. § 853(m), is authorized to conduct any discovery to identify, locate, and dispose of property subject to this Order and to address any third-party claims, including depositions, interrogatories, requests for production of documents, and subpoenas pursuant to Fed. R. Civ. P. 45.

        7.        Pursuant to 21 U.S.C. § 853(n)(1), and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, made applicable pursuant to Fed. R. Crim. P. 32.2(b)(6)(c), the United States Government shall put notice on an official internet government forfeiture site (www.forfeiture.gov) for 30 consecutive days, notice of the government's intent to dispose of the Subject Property in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in any of the property subject to this Order must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Subject Property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim, and the relief sought.

8. The United States shall also, pursuant to 21 U.S.C. § 853(n)(1), to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is subject to the Judgment and Preliminary Order of Forfeiture, and to their attorney, if they are represented, as a substitute for published notice as to those persons so notified.

9. Any person, other than the defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6).

10. Following the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rule of Civil Procedure upon showing that such discovery is necessary or desirable to resolve factual issues.

11. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests.

12. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

13. The Clerk of the United States District Court for the Eastern District of Pennsylvania shall deliver a copy of this Judgment and Preliminary Order of Forfeiture to the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), and to counsel for the parties.

ORDERED this ___ day of _____, 2023.

_____
**HONORABLE HARVEY BARTLE, III**
**Senior Judge, United States District Court**

## **CERTIFICATE OF SERVICE**

I certify that a copy of the Government's Motion for Order of Forfeiture and proposed Forfeiture Order have been served upon counsel for the defendant by electronic mail, as follows:

**Mariana Rossman, Esquire**
The Rossman Firm
1500 Walnut Street
7th Floor West
Philadelphia, PA 19102
215-913-6280
mrossman@therossmanfirm.com
*Counsel for defendant Darquis Davis*

/s/ Alexander B. Bowerman
Alexander B. Bowerman
Special Assistant United States Attorney

Date: May 24, 2023